IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EXELIXIS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>TEVA PHARMACEUTICALS DEVELOPMENT, INC., and TEVA PHARMACEUTICALS USA, INC.,<br><br>    Defendants. | C.A. No. 21-871-RGA<br>CONSOLIDATED |
| EXELIXIS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>TEVA PHARMACEUTICAL INDUSTRIES LIMITED, TEVA PHARMACEUTICALS DEVELOPMENT, INC., and TEVA PHARMACEUTICALS USA, INC.,<br><br>    Defendants. | C.A. No. 22-1168-RGA |

**STIPULATION AND [PROPOSED] ORDER**

Exelixis, Inc. ("Plaintiff"); and Teva Pharmaceuticals USA, Inc., Teva Pharmaceuticals Development, Inc. (collectively, "Teva") and Teva Pharmaceuticals Industries Ltd. ("Teva Ltd.") (Teva and Teva Ltd. collectively, "Defendants") hereby stipulate, subject to the approval of the Court, to dismiss the claims against Teva Ltd. in the above-captioned action ("Action") pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and (ii). The parties previously filed a stipulation in C.A. No. 21-871 (D.I. 12) prior to consolidation with C.A. No. 22-1168 that dismissed Teva Ltd. from C.A. No. 21-871. Through this stipulation, Teva Ltd. will be dismissed from the consolidated action (including the C.A. No. 22-1168 member case), subject to the conditions agreed upon by

the parties. This Action will continue against Teva Pharmaceuticals USA, Inc. and Teva Pharmaceuticals Development, Inc. It is further stipulated that this dismissal is without prejudice and is subject to the following conditions:

1. Teva Ltd. agrees to be bound by any judgment, order, or decision entered in this Action, or in any appeal thereof, as if it were named as a defendant, including any order granting preliminary or permanent injunctive relief against Teva USA with respect to ANDA No. 215942.

2. Teva Ltd. agrees that it will not contest personal jurisdiction in this Court solely for the purpose of enforcing any such judgment, order, injunction, or decision, including the terms of this stipulation, against it in the Action.

3. Teva stipulates that any of Teva Ltd.'s documents, witnesses, and information that would be discoverable in this Action were Teva Ltd. to remain as a defendant in this Action shall be deemed to be in the possession, custody, and control of Teva for the purpose of discovery, including requests for production or inspection, interrogatories, and requests for admission, in this Action.

4. Teva Ltd. agrees that it will provide discovery in this Action pursuant to the Federal Rules of Civil Procedure, including without limitation, Rules 26, 30, 33, 34, 36, and 37, subject to Teva's objections, as if it remained a named defendant in this Action and as set forth herein. Subject to any applicable objection or privilege, Teva Ltd. further agrees that it will search for and provide to Teva for production in this matter information in its possession, custody, or control responsive to discovery requests, including requests for production or inspection, interrogatories, and requests for admission served by Plaintiff on Teva.

5. Teva agrees that, to the extent Teva Ltd. has in its possession, custody, or control information or materials that, subject to Teva's objections, would be discoverable or responsive to discovery requests in the Action to the same extent were Teva Ltd. to remain a party to the

Action, Teva will search for and provide such discovery, in response to discovery requests propounded on Teva by Plaintiff. Subject to its objections, Teva agrees to produce such discovery in response to discovery requests served on Teva in the Action.

6. Defendants agree that any discovery requests directed to Teva, including requests for production, requests for admission, and interrogatories, will be understood and interpreted as seeking discovery and/or responses from Teva and Teva Ltd. Teva will respond to discovery requests for information in the possession, custody, or control of Teva and Teva Ltd., including requests for deposition testimony, and will not raise issues of documents or witnesses being in the possession, custody, or control of only Teva Ltd. as a basis for not producing them.

7. If the parties agree that a Teva Ltd. employee is a necessary fact witness, the witness will be made available for deposition upon notice to Teva at a location to be agreed upon by the parties. Defendants stipulate that Plaintiff may depose such necessary employees of Teva Ltd. subject to any applicable objection or privilege, by serving deposition notices under Federal Rules of Civil Procedure 30(b)(1) on counsel for the Defendants as if Teva Ltd. remained in this case as a named party and without need for service of subpoenas or compliance with the procedures of the Hague Convention. If the parties disagree as to whether the Teva Ltd. employee is a necessary fact witness or disagree as to where the deposition will take place, then the parties shall present the matter to the Court for resolution. In the Action, Teva will also accept Rule 30(b)(6) deposition notices containing topics directed to information that may be held by Teva Ltd., and subject to Teva's objections, any witness presented in response thereto shall investigate information relevant to those topics in the possession, custody, or control of Teva Ltd., to the extent such information exists. Depositions of employees of Teva Ltd. shall occur in the United States or some other location that is mutually agreed to by Plaintiff and Teva, provided that necessary travel documents are obtainable and that the health or prior

commitments of the witnesses do not otherwise prevent travel. Defendants shall undertake good faith efforts to obtain visas and other travel documents necessary to make such employees and witnesses available for deposition in the United States or other mutually agreeable location. Plaintiff and Defendants agree to work cooperatively in arranging the deposition of Teva Ltd. witnesses not located in the United States, for the mutual benefit of the witnesses and the parties. In the event, the COVID-19 pandemic makes travel unsafe or difficult, Plaintiff and Defendants agree to conduct depositions of Teva Ltd. witnesses remotely.

8. Teva and Teva Ltd. further agree to be bound by resolution of discovery matters in the Action.

9. This stipulation does not constitute a waiver of any objection or defense to, or any privilege or immunity from, the provision of discovery otherwise available to parties to an action under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any other applicable authority.

10. Plaintiff hereby dismisses without prejudice Teva Ltd. pursuant to Fed. R. Civ. P. 41(a)(2).

11. The terms of this stipulation are made without prejudice to the respective positions of Plaintiff and the Teva Defendants as to whether Teva Ltd. is a proper defendant in the Action. Defendants will not assert the absence, dismissal, or non-joinder of Teva Ltd. as a defense or objection to any remedy Plaintiff may seek in this Action, including, if applicable, damages sought by or awarded to Plaintiff. The terms of this stipulation also cannot be used by Plaintiff or the Teva Defendants to argue for or against jurisdiction or venue in the future.

12. The parties request that the case caption for the Action be amended to remove Teva Ltd.

13. None of the foregoing shall be interpreted to limit Plaintiff's rights to discovery of Teva.

14. None of the foregoing shall impact the Court's October 3, 2022 Order (D.I. 44) staying the above-captioned actions pending the resolution of the MSN Litigations.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | SHAW KELLER LLP |
| */s/ Anthony D. Raucci* | */s/ Nathan R. Hoeschen* |
| Jack B. Blumenfeld (#1014) | John W. Shaw (#3362) |
| Anthony D. Raucci (#5948) | Karen E. Keller (#4489) |
| 1201 North Market Street | Nathan R. Hoeschen (#6232) |
| P.O. Box 1347 | I.M. Pei Building |
| Wilmington, DE 19899 | 1105 North Market Street, 12th Floor |
| (302) 658-9200 | Wilmington, DE 19801 |
| jblumenfeld@morrisnichols.com | (302) 298-0700 |
| araucci@morrisnichols.com | jshaw@shawkeller.com |
| | kkeller@shawkeller.com |
| *Attorneys for Plaintiff* | nhoeschen@shawkeller.com |
| | *Attorneys for Defendants* |

June 13, 2023

SO ORDERED, this _____ day of _____ 2023.

_____
The Honorable Richard G. Andrews

6